UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:09CR463 HEA |
| ) | |
| JERRY MCCOMB, ) | |
| ) | |
| Defendant, ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jerry Mccomb's Motion Pursuant to 18 U.S.C. § 3145(b) for *De Novo* Review of Detention Order, [Doc. No. 266]. For the reasons set forth below, the Motion is denied.

## Facts and Background

Defendant was charged by indictment in Count One with conspiracy to traffic in cocaine powder and crack cocaine between the Fall, 2007 and the filing of the indictment. This count is brought under 21 U.S.C. § 841(a)(1). It carries a potential statutory maximum penalty of imprisonment for not less than 10 years and up to life. Defendant is also named in Count Eleven for criminal forfeiture.

## Standard and Scope of Review

Title 18, United States Code, Section 3145(b) governs a motion for revocation of a magistrate judge's detention order. Section 3145(b) provides:

> If a person is ordered detained by a magistrate judge ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).

This Court reviews the Detention Order under a de novo standard. See, e.g., *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir.1985) (en banc) (discussing 18 U.S.C. § 3145(b)).

Under the terms of the Bail Reform Act, 18 U.S.C. 3141 et seq. , Defendant must be detained pending trial if the Court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required...." 18 U.S.C. § 3142(e); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir.2003).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g) (emphasis in original). The Court now considers these factors.

Defendant is a lifelong resident of Missouri. He has three children from three separate relationships, who live in the area. He is current on child support payments. Defendant's mother and disabled aunt live in the area. Defendant has a job available.

Defendant is charged with serious narcotics violations. He has been charged with over 50 grams of crack cocaine. He was allegedly involved in a conspiracy with a sizable number of other defendants to distribute the cocaine and cocaine base. Defendant was allegedly involved in this activity while on parole supervision from previous drug and assault of police officer convictions.

Defendant has a lengthy criminal record. His offenses include stealing a

motor vehicle for which he was placed on probation.  While on probation, he was arrested and convicted of drug trafficking.  He was placed on probation again.  While being supervised by the court, Defendant was arrested and convicted of assaulting a police officer and five counts of drug trafficking.  He was ultimately released on parole.  While on parole, he allegedly engaged in serious drug trafficking offenses which have led to this matter.

While there is some evidence weighing in Defendant's favor, considering all of the foregoing factual findings the Court concludes that Judge Noce's Detention Order was proper.  The clear and convincing evidence in the record establishes that Defendant's release will not reasonably protect the community from further criminal offenses by Defendant.  The evidence establishes that Defendant may not refrain from committing a further drug related violation.  Defendant is less than reliable and the alleged crimes charged herein were allegedly committed while Defendant was already on probation for other drug crimes.  The court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required...." 18 U.S.C. § 3142(e).

## Conclusion

Based upon the Court's *de novo* review of Judge Noce's Detention Order, the Court concludes that detention was and remains proper.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant McComb's Motion Pursuant to 18 U.S.C. § 3145(b) for *De Novo* Review of Detention Order, [Doc. No. 266], is **DENIED**.

**IT IS FURTHER ORDERED** that the Detention Order entered on July 29, 2009 is **AFFIRMED**.

Dated this 24th day of December, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE